UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| DANIEL WHITE,<br><br>    Plaintiff,<br><br>V.<br><br>UNIVERSAL FIDELITY, LP,<br>LINK REVENUE RESOURCES, LLC, and<br>JEWISH HOSPITAL & ST. MARY'S<br>HEALTHCARE, INC. d/b/a JEWISH<br>HOSPITAL SHELBYVILLE.<br><br>    Defendants. | Civil No. 3:17-cv-00044-GFVT<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Daniel White brings this action to determine the constitutionality of Kentucky Revised Statute 404.040. This statute codifies the antiquated common law "necessaries doctrine," creating legal liability in a husband for his wife's debts incurred before or after marriage. Kentucky has no similar statute creating liability in a wife for her husband's debts, nor does Kentucky have statutes creating liability for spouses of same sex couples. Mr. White alleges this statute violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. He has presently sued Jewish Hospital, Universal Fidelity, LP, and Link Revenue Resources, LLC, for attempting to collect from him a debt owed by his wife. Today, this Court considers Universal Fidelity's Motion to Dismiss, Link Revenue's Motion to Dismiss, and Mr. White's Motion to Amend/Correct his Complaint. For the following reasons, all three motions are **GRANTED**.

**I**

Mr. Daniel White is happily married to Mrs. Tammy White. [R. 1 at ¶9.] In August of

2014, Mrs. White received medical treatment at Jewish Hospital in Shelbyville, Kentucky. *Id.* at ¶11. Following that treatment, Jewish Hospital employed Universal Fidelity, a third-party debt collector, to send Mr. White a letter to collect the remaining expenses owed from Mrs. White's treatment. *Id.* at ¶13. Essentially, Jewish Hospital, Universal Fidelity, and Link Financial all attempted to collect a debt from Mr. White that Mr. White believes is solely owed by Mrs. White. *Id.* at ¶15–20. Universal Fidelity identified Mr. White as "Guarantor" of Mrs. White's debt. *Id.* at ¶15. Mr. White claims that Universal Fidelity has no basis for this characterization other than Kentucky Revised Statute 404.040, which requires a husband to be liable for "necessaries furnished to [his wife] after marriage." Mr. White seeks both declaratory and monetary relief. He claims, first, that he is not liable for his wife's debt and that Universal Fidelity and Link Revenue Resources violated the Fair Debt Collection Practices Act (FDCPA, 15 U.S.C. §§ 1692, *et seq.*) by attempting to collect a debt from him that he did not owe. In addition, Mr. White seeks a declaration that KRS 404.040 is unconstitutional.

Following the filing of this complaint, both Link Revenue Resources and Universal Fidelity filed Motions to Dismiss for Failure to State a Claim under Rule 12(b)(6). [R. 4; R. 8.] Jewish Hospital filed an Answer requesting dismissal for various reasons, including failure to state a claim under Rule 12(b)(6). [R. 6.] Mr. White responded to the motions of Link Revenue Resources and Universal Fidelity, but also filed a Motion for Leave to Amend/Correct Complaint. [R. 10.] Jewish Hospital, Link Revenue Resources, and Universal Fidelity all opposed this motion. [R. 14.]

## II

### A

This Court first turns to Mr. White's Motion for Leave to Amend/Correct his Complaint.

2

Amendments to pleadings are governed by Federal Rule of Civil Procedure 15, which provides that even if the party does not seek the amendment within the of-right period, the court may give leave to permit such an amendment and should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has read this provision broadly, and the Sixth Circuit has recognized that "where the underlying facts would support, a motion for leave to amend should be granted, except in cases of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *Duggins v. Steak'n Shake, Inc.*, 195 F.3d 828 (6th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178 (1962)).

Mr. White's proposed First Amended Complaint contains several additional assertions of fact. [R. 10-1.] He claims he had not agreed to pay the debt to Jewish Hospital and was concerned about the impact this debt collection might have on his credit report. *Id.* at ¶15–23; ¶26; ¶39. In addition, Mr. White lists the time and money he spent attempting to dispute this debt. *Id.* Mr. White also contests the assertion by Jewish Hospital that he agreed to serve as the guarantor of debt for Mrs. White's medical expenses. *Id.* at ¶29–30. However, Mr. White's legal claims and prayer for relief is largely the same in his Proposed First Amended Complaint as in his Complaint.[1] The only difference this Court can find is that the original Complaint included a prayer that this Court "Declare that Plaintiff does not owe the Jewish Hospital debt incurred by his wife" [R. 1 at 4, ¶4], but this is not included in the Proposed First Amended

---

[1] In the Proposed First Amended Complaint, ¶42 states "The foregoing acts and omissions of GLA Collection Co., Inc. violate the FDCPA, including 15 U.S.C. § 1692e and 15 U.S.C. § 1692f and one or more subsections of each statute." GLA Collection Co. is not a joined party to this action. Paragraph 42 is almost identical to ¶29 in the original Complaint, with the exception that Mr. White identified "Universal Fidelity, LP and Link Revenue Resources, LLC" instead of GLA Collection Co. Therefore, this Court will construe ¶42 as a clerical error and will assume ¶42 is supposed to read: "The foregoing acts and omissions of Universal Fidelity, LP and Link Revenue Resources, LLC violate the FDCPA, including 15 U.S.C. § 1692e and 15 U.S.C. § 1692f and one or more subsections of each statute."

Complaint.

Universal Fidelity, Link Revenue Resources, and Jewish Hospital all oppose Mr. White's request to file an amended complaint because they all claim that the amendment is futile. [R. 14 at 4.] A court has leave to deny an amendment if that amendment would be futile. *Foman*, 371 U.S. at 182. "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dept. of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 382–83 (6th Cir. 1993)). Thus, this Court turns to whether Mr. White's Proposed First Amended Complaint would survive a motion to dismiss under Rule 12(b)(6).

**B**

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the plaintiff's complaint. In reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See also Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009). In the Proposed First Amended Complaint, Mr. White attached several exhibits. The Court may consider these exhibits without converting this Motion to a motion for summary judgment because these exhibits were attached to the complaint. *Amini v. Oberlin*

*College*, 259 F.3d 493, 502 (6th Cir. 2001).

Mr. White essentially claims that Universal Fidelity and Link Revenue violated the FDCPA by attempting to collect a debt from him that he does not owe. Universal Fidelity, Link Revenue, and Jewish Hospital allegedly relied on KRS 404.040 to determine that Mr. White was responsible for the debts of Mrs. White. Mr. White urges this Court to find KRS 404.040 unconstitutional, and thus find the defendants violated the FDCPA by attempting to collect debt in reliance of the state statute.

1

Mr. White does not claim that Jewish Hospital violated the FDCPA, nor does Mr. White assert that Jewish Hospital is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). Instead, Mr. White seeks a declaration that he does not owe Jewish Hospital any debt. [R. 10-1 at 4.] As he has indicated, under current Kentucky law, it seems that Mr. White is responsible for any of his wife's debts. *See* KRS 404.040. However, absent the statute, Mr. White could have entered into a contract with Jewish Hospital as guarantor of Mrs. White's medical procedure. In the original Complaint, Mr. White did not allege the absence of a contractual agreement with Jewish Hospital, but in the Proposed First Amended Complaint, he included the claim that he never guaranteed payment to Jewish Hospital for his wife's procedure. [R. 10-1 at ¶30.] Accepting this statement as true, as required under *DirecTV, Inc. v. Treesh*, Mr. White's Proposed First Amended Complaint contains additional information that would tend to show Jewish Hospital relied on KRS 404.040 in requiring Mr. White to serve as guarantor without his express consent. 487 F.3d 471, 476 (6th Cir. 2007). Though this Court need not accept Mr. White's legal conclusions as true, the issue of whether Mr. White owes Jewish Hospital depends on whether KRS 404.040 is constitutional or not. Thus, Mr. White's Proposed First Amended

Complaint would survive a motion to dismiss as to the claims against Jewish Hospital. Because the Court finds that the Proposed First Amended Complaint would at least survive a motion to dismiss as to Jewish Hospital, Mr. White's Motion for Leave to Amend his Complaint is granted, and the Court accepts his Proposed First Amended Complaint.

**2**

As to Universal Fidelity and Link Revenue, Mr. White alleges they violated the FDCPA, specifically 15 U.S.C. §§ 1692e and 1692f by misrepresenting that he owed the debt. [R. 10-1 at 4.] In the Proposed First Amended Complaint, Mr. White added information about the correspondence with Universal Fidelity and Link Revenue, stating that both entities wrongfully listed him as "guarantor." *Id.* at 3. The Court has accepted Mr. White's First Amended Complaint, however, both United Fidelity and Link Revenue previously filed Motions to Dismiss under Rule 12(b)(6). [R. 8; R. 10.] Since both of those motions have been fully briefed, in the interests of judicial efficiency, the Court will address both of those now.

When a plaintiff brings a claim for violation of the FDCPA, the plaintiff must establish that he or she is a "consumer" as defined by the FDCPA, that the debt arose from personal, family, or household transactions, that the defendant is a debt collector as defined by the FDCPA, and that the defendant violated prohibitions of the FDCPA. *Bauman v. Bank of America, N.A.*, 808 F.3d 1097, 1100 (6th Cir. 2015) (citing *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012)). Mr. White has alleged these items. [R. 10-1 at ¶1–8, 12, 42.] Universal Fidelity and Link Revenue do not contest that Mr. White is a consumer, that the debt arose from personal, family, or household transactions, or that they are debt collectors, but they deny violating prohibitions of the FDCPA.

Mr. White seems to allege only that Universal Fidelity and Link Resources violated the

FDCPA when they incorrectly listed him as the guarantor. However, Mr. White himself acknowledges that Universal Fidelity and Link Revenue relied on the account itemization from Jewish Hospital. [R. 10-1 at ¶21, 29.] Furthermore, Mr. White alleges that Universal Fidelity and Link Resources relied on KRS 404.040, which requires Mr. White to be liable for Mrs. White's debt.

Under §§ 1692e and 1692f, the FDCPA prohibits any debt collector from asserting a "false, deceptive, or misleading representation," and from using an "unfair or unconscionable means" in the attempt to collect a debt. *Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407, 1410 (2017). The right to collect payment is usually based on state law. *Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407, 1411 (2017) (citing *Travelers Casualty & Surety Co. of America v. Pacific Gas & Elec. Co.*, 549 U.S. 443, 450–51 (2007)). Universal Fidelity and Link Resources attempted to collect a debt from Mr. White, incurred by Mrs. White, based on state statutes allowing them to do so. The only reason Mr. White claims this practice was false, deceptive, misleading, unfair, or unconscionable is because KRS 404.040 is unconstitutional. [R. 10-1 at ¶36–38.] However, no court has yet found the statute unconstitutional, and thus, the statute still requires Mr. White to be legally responsible for all Mrs. White's debt. Any determination of unconstitutionality would not apply retroactively to the behaviors of Universal Fidelity and Link Revenue's behavior. Thus, as the law stands now, no facts in Mr. White's complaint are, even if accepted as true, enough to state a claim upon which relief can be granted. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Therefore, the claims as to Universal Fidelity and Link Resources must be dismissed pursuant to Rule 12(b)(6).

**III**

Mr. White's assertions that he never guaranteed payment for Mrs. White's medical procedures are enough to survive a Rule 12(b)(6) motion to dismiss as to Defendant Jewish Hospital. However, both Link Revenue and Universal Fidelity acted within well-established federal and state law by attempting to collect the debt from Mr. White. Jewish Hospital may ultimately face issues on whether they rested their collection practices on a Constitutional statute, but the Court declines to address those issues at this stage in the proceedings. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant Link Revenue Resources, LLC's Motion to Dismiss [**R. 4**] is **GRANTED** as to the claims against Link Revenue Resources, LLC;

2. Defendant Universal Fidelity, LP's Motion to Dismiss [**R. 8**] is **GRANTED** as to the claims against Universal Fidelity, LP;

3. Plaintiff Daniel White's Motion for Leave to Amend/Correct Complaint [**R. 10**] is **GRANTED**;

4. Plaintiff White's Proposed First Amended Complaint [**R. 10**] is hereby **ACCEPTED** as Plaintiff's First Amended Complaint; and

5. Defendant Jewish Hospital Shelbyville is **ORDERED** to file an amended answer pursuant to the Federal Rules of Civil Procedure.

This the 16th day of February, 2018.

Gregory F. Van Tatenhove
United States District Judge