UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| DANIEL WHITE, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Civil No. 3:17-cv-00044-GFVT |
| v. | ) ) ) | **MEMORANDUM OPINION & ORDER** |
| UNIVERSAL FIDELITY, LP, *et al.*, | ) ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter appears before the Court on Defendant's Motion to Dismiss on the Pleadings. [R. 20.] Defendant Jewish Hospital & St. Mary's Healthcare, Inc. in Shelbyville, Kentucky, known also as Jewish Hospital Shelbyville, attempts to moot Plaintiff Daniel White's claims by declaring and covenanting not to pursue the medical debt at the heart of this litigation. For the reasons that follow, Jewish Hospital's motion is **GRANTED IN PART** and **DENIED IN PART**.

**I**

Approximately one year ago, Plaintiff Daniel White filed a complaint in this Court, seeking relief against Universal Fidelity, LP, Link Revenue Resources, LLC, and Jewish Hospital Shelbyville. [R. 1.] Mr. White had been held liable for debt incurred by his wife at Jewish Hospital. *Id*. He claimed Universal Fidelity and Link Revenue Resources had violated the Fair Debt Collection Practices Act (FDCPA), and sought a declaration that he did not owe a debt to Jewish Hospital. *Id*. Furthermore, Mr. White sought a declaration that KRS § 404.040,

the statute requiring a husband to be liable for his wife's debts, is unconstitutional, as well as damages and attorney's fees and costs. *Id.*

On February 16, 2018, this Court granted a motion by Mr. White to amend his complaint, as well as motions by Universal Fidelity and Link Revenue Resources to dismiss all claims against both parties. [R. 17.] This dismissed Universal Fidelity and Link Revenue Resources as parties, and dismissed the claims pertaining to the FDCPA, leaving only claims for declaratory relief, damages, and attorney's fees and costs against Jewish Hospital. *Id.*

In their answer to the amended complaint, Jewish Hospital included a provision, stating, "Jewish Hospital hereby fully and forever releases and relinquishes any right it has to collect the $475 debt at issue in this lawsuit from Plaintiff Daniel White." [R. 19 at ¶ 41.] Immediately thereafter, Jewish Hospital filed a motion for judgment on the pleadings based on lack of standing for mootness as well as Mr. White's failure to comply with Federal Rule of Civil Procedure 5.1.[1] [R. 20.]

## II

### A

A motion for judgment on the pleadings under Rule 12(c) is reviewed under the same standards as a motion to dismiss under Rule 12(b)(6), and the Court is required to take as true all well-pleaded allegations of the non-moving party. *Hindel v. Husted*, 875 F.3d 344, 346 (6th Cir. 2017). To survive under Rule 12(c), "a complaint must contain direct or inferential allegations

---

[1] Their motion also states, "Jewish Hospital, however, is keenly aware that in order to collect the $475 debt underlying this lawsuit, it will have to fully litigate the constitutional challenge that Plaintiff raises. Doing so will inevitably be an expensive, time-consuming, and uneconomical endeavor regardless of the ultimate result." [R. 20-1 at 1–2.] While the Court sympathizes with Jewish Hospital's reluctance to litigate, the mere cost of litigation on a defendant is not a legal reason to dismiss the matter.

respecting all the material elements under some viable legal theory." *Id*. at 346–47 (citations omitted).

When the Court ruled on his motion to amend, Mr. White had not yet sent notice to the Kentucky Attorney General of his intention to challenge the constitutionality of KRS § 404.040. However, he did so shortly after this Court's acceptance of his amended complaint. [R. 21; R. 22; R. 23.] The Court then certified to the Attorney General that the constitutionality of KRS § 404.040 had been challenged and permitted the Attorney General to intervene within sixty (60) days. Rule 5.1 requires a plaintiff to file notice "promptly," but does not enumerate a time limit. Furthermore, failure to file and serve notice does not forfeit a constitutional claim otherwise timely asserted. Fed. R. Civ. Pro. 5.1(d). The Court finds that Mr. White did comply with Rule 5.1, as the notices and certification were each entered into the record within thirty (30) days of this Court accepting his amended complaint. The time for the Attorney General to intervene expired on May 15, 2018, and no motion has been filed.

However, the issue of mootness remains. Federal courts, under Article III of the United States Constitution, may not issue an opinion which does not resolve "actual controversies," such as when the issue is moot, the parties are not adverse, or when the court cannot grant relief. *Flight Options, LLC v. Int'l Brotherhood of Teamsters, Local 1108*, 873 F.3d 540, 546 (6th Cir. 2017). Mootness occurs when a case or controversy once existed, but circumstances have changed so that such case or controversy is destroyed. *Sumpter v. Wayne Cty.*, 868 F.3d 473, 490 (6th Cir. 2017). Regardless of the legality of the alleged conduct precipitating the original lawsuit, a case is moot if there is no longer an actual controversy concerning the plaintiff's rights. *Alvarez v. Smith*, 558 U.S. 87, 92 (2009).

3

Exceptions exist to the mootness doctrine. For example, a case is not moot where the controversy is "capable of repetition, yet evading review." *Kingdomware Technologies, Inc. v. United States*, 136 S.Ct. 1969, 1976 (2016). Furthermore, a defendant cannot force mootness in a case by voluntarily ending the unlawful conduct once plaintiff has sued. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). "[A] case becomes moot only when subsequent events make it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur and interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Cleveland Branch NAACP v. City of Parma*, 263 F.3d 513, 530–31 (6th Cir. 2001) (cleaned up). The party claiming mootness bears the burden of proof. *Id.* at 531. "A defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 190 (2000).

**B**

The Court first turns to Mr. White's request for declaratory relief, specifically that he does not owe Jewish Hospital for his wife's medical debt, as this is the topic for Jewish Hospital's covenant and motion. Jewish Hospital has declared it will not seek to recover $475 from Mr. White, nor will it sell the debt to a third party, nor will it seek to recover any future debt incurred by Mrs. White from Mr. White using KRS § 404.040. [R. 28 at 2.] They believe this relinquishment renders this matter moot. *Id.* Mr. White, on the other hand, believes this matter is an exception to the mootness doctrine. [R. 27 at 6–7.] He believes he has a reasonable expectation that he would be subjected to such action again. *Id.* at 6.

4

The Supreme Court has found that voluntary cessation moots a case or controversy when the cession is unconditional, irrevocable, prohibits future claims or demands, and covers future behavior. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 93–94 (2013). Jewish Hospital's declaration would make it impossible to assume a contrary position in future situations. *See id*. at 94. The declaration and covenant states that it is "unconditional and irrevocable." [R. 28 at 2.] The covenant prohibits collection for this debt as well as any future debt incurred by Mr. White's wife. *Id*. Further, the statement prohibits Jewish Hospital from selling the original debt to anyone for collection by another party. *Id*. The Court is convinced that Jewish Hospital could not reasonably be expected to repeat this allegedly wrongful behavior. Accordingly, the Court finds this request for declaratory relief moot.

However, while a claim for equitable relief can be mooted, "a viable claim for past infringement of a constitutionally protected right survives." *Youngstown Publishing Company v. McKelvey*, 189 Fed. App'x 402, 407 (6th Cir. 2006). Even though Mr. White's request for declaratory relief against Jewish Hospital is moot, the damages claim ensures that the dispute remains a case or controversy over which Article III gives this Court continuing authority. *Blau v. Fort Thomas Public School Dist*., 401 F.3d 381, 387 (6th Cir. 2005). Nothing in Jewish Hospital's motion provides a legal reason for dismissal of any of Mr. White's additional requests for relief, and the Court finds no reason to dismiss them for mootness.

**III**

Jewish Hospital has provided no reason for this Court to find Mr. White's claims for damages moot. While the Court can no longer exercise jurisdiction for his request for declaratory relief against Jewish Hospital, the claim for damages does not automatically become

5

moot as well. *Blau v. Fort Thomas Public School Dist.*, 401 F.3d 381, 387 (6th Cir. 2005).

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant Jewish Hospital & St. Mary's Healthcare, Inc.'s Motion to Dismiss on the Pleadings [**R. 20**] is **GRANTED IN PART** as to the requested declaratory relief against Jewish Hospital, and **DENIED IN PART** as to all other claims; and

2. Plaintiff Daniel White's request for this Court to "Declare that Plaintiff Daniel White does not owe the Jewish Hospital medical debt incurred by his wife" [R. 18 at ¶ 41] is **DISMISSED AS MOOT**.

This the 23d day of May, 2018.

Gregory F. Van Tatenhove
United States District Judge