UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| DANIEL WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:17-cv-00044-GFVT |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| UNIVERSAL FIDELITY, LP, *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Before the Court is Plaintiff Daniel White's Motion for Declaratory Judgment and Defendant Jewish Hospital Shelbyville's Motion for Summary Judgment. Mr. White seeks a declaration from this Court that a Kentucky statute is unconstitutional. However, because Jewish Hospital is not a state actor, and therefore cannot be liable for potential constitutional violations caused by a state statute, no actual controversy exists. Avoiding an unnecessary constitutional question, the Court declines to reach Mr. White's request for a declaratory judgment. For the following reasons, Plaintiff's Motion for Declaratory Judgment is **DENIED,** and Defendant's Motion for Summary Judgment is **GRANTED**.

**I**

Mr. Daniel White sued Jewish Hospital Shelbyville, along with several debt collection agencies, after Jewish Hospital held him liable for medical debt incurred by Mr. White's wife. [R. 1.] Jewish Hospital had attempted to collect this debt from him pursuant to Kentucky Revised Statute § 404.040, which requires a husband to be liable for his wife's "necessaries furnished to her after marriage." According to Mr. White, this statute is discriminatory on the basis of gender, and thus, it violates the Fourteenth Amendment of the United States

Constitution. [R. 18 at 4.] Mr. White requested declaratory relief in two ways. First, he asked the Court to declare that KRS § 404.040 violates the Fourteenth Amendment. *Id*. Next, he requested declaration that he does not owe Jewish Hospital for the debt incurred by his wife. *Id*. He also requested damages, attorneys' fees, and costs for such a constitutional violation. *Id*. at 4–5. After a motion to dismiss, the Court dismissed Mr. White's request for declaration that he did not owe Jewish Hospital but permitted the other claims to proceed based on a claim for past infringement[1] of the rights guaranteed to Mr. White under the Fourteenth Amendment. [R. 29 at 5–6.]

Now, Mr. White has filed a motion for this Court to issue a declaratory judgment, requesting this Court find KRS § 404.040 "unconstitutionally discriminates against married males." [R. 34 at 1.] In response, Jewish Hospital filed a motion for summary judgment, arguing even if the statute is unconstitutional, Jewish Hospital cannot be held liable for resulting damages because Jewish Hospital is not a state actor. [R. 36 at 1.] Because federal courts have a duty to avoid unnecessary decisions of constitutional questions, the Court first addresses Jewish Hospital's Motion for Summary Judgment. *See Tower Realty v. City of East Detroit*, 196 F.2d 710, 724 (6th Cir. 1952).

## II

### A

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "A genuine dispute exists on a material fact, and thus summary judgment is improper, if the

---

[1] On April 10, 2018, Jewish Hospital declared they would not attempt to collect any debt, past or future, from Mr. White on the basis of KRS § 404.040. [R. 28 at 2.] The Court found that the declaration to be valid, and Mr. White could not seek prospective injunctive relief, but the claims concerning damages relating to past infringements of a constitutional right could not be dismissed. [R. 29.]

2

evidence shows 'that a reasonable jury could return a verdict for the nonmoving party.'" *Olinger v. Corporation of the President of the Church*, 521 F. Supp. 2d 577, 582 (E.D. Ky. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Stated otherwise, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

The moving party has the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). The movant may satisfy its burden by showing "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant has satisfied this burden, the non-moving party must go beyond the pleadings and come forward with facts demonstrating the existence of a genuine issue for trial. Fed. R. Civ. P. 56; *Hall Holding*, 285 F.3d at 424 (citing *Celotex*, 477 U.S. at 324). Moreover, "the nonmoving party must do more than show there is some metaphysical doubt as to the material fact. It must present significant probative evidence in support of its opposition to the motion for summary judgment." *Hall Holding*, 285 F.3d at 424 (internal citations omitted).

When applying the summary judgment standard, the Court must review the facts and draw all reasonable inferences in favor of the non-moving party. *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, the Court is under no duty to "search the entire record to establish that it is bereft of a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001). Rather, "the nonmoving party has an affirmative duty to direct the court's attention to those specific portions

3

of the record upon which it seeks to rely to create a genuine issue of material fact." *Id*.

B

Here, the parties have stipulated to the facts. [R. 31.] The parties instead dispute whether Jewish Hospital can be held liable for the damages associated with the alleged constitutional violations. Mr. White asserts that he has made claims only under the Fourteenth Amendment, not under 42 U.S.C. § 1983. [R. 37 at 5.] While the complaint does not mention § 1983 [*See* R. 18], Mr. White has requested damages pursuant to an alleged violation of the Fourteenth Amendment. No provision in the Constitution allows for a cause of action seeking damages, and thus a plaintiff seeking damages must proceed under a statute authorizing such damages for constitutional violations. *See Sanders v. Prentice-Hall Corp. Sys., Inc.*, No. 97-6138, 1999 WL 115517, at *1 (6th Cir. 1999); *Thomas v. Shipka*, 818 F.2d 49, 499 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989).

The Court has already dismissed Mr. White's claims for declaratory relief, finding no basis for jurisdiction. [R. 29 at 5–6.] The only surviving claims pertained to his requests for monetary relief for damages incurred for alleged constitutional violations. *Id*. Mr. White tries to argue that Jewish Hospital continued to attempt collection of debts after this declaration, but the letters he provided were dated March 2, 2018, and April 9, 2018. [R. 37-1; R. 37-2.] Neither of these letters were sent after the declaration was made on April 10, 2018. [R. 28 at 2.]

Because the only surviving claim is for damages, Mr. White's sole authorization for relief is 42 U.S.C. § 1983. Mr. White, however, maintains, he "has made no claim under 42 U.S.C. § 1983." [R. 37 at 5.] He does not attempt to argue that Jewish Hospital is liable under 42 U.S.C. § 1983. [*See generally* R. 37.] Instead, he continues to argue that he is entitled to prospective declaratory relief. *Id*.

## C

To succeed on a claim for damages under § 1983, Mr. White "must allege the violation of a right secured by the Constitution and laws of the United States," plus he "must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988). Acting "under color of state law" means an exercise of power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic*, 313 U.S. 299, 326 (1941). The requirement under § 1983 to act "under color of state law" is legally the same as the state-action requirement under the Fourteenth Amendment. *West*, 487 U.S. at 49; *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928 (1982). Thus, to determine whether Jewish Hospital acted "under color of state law," the Court must determine whether Jewish Hospital performed a state action.

Jewish Hospital is a private party, but the actions of private parties, in certain circumstances may be considered state actions if "the conduct causing the deprivation of a federal right may be fairly attributable to the state." *Revis v. Meldrum*, 489 F.3d 272, 289 (6th Cir. 2007) (quoting *Lugar*, 457 U.S. at 937). In order for conduct to be attributed to the state, "First, the deprivation in question must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible." *Id*. (quoting *Lugar*, 457 U.S. at 937). Additionally, the party charged must be a state actor. *Id*. Jewish Hospital contests the classification as a "state actor" without addressing the other requirements. [R. 36.] The determination of whether a party is a state actor is dispositive, and thus, if Jewish Hospital is not a state actor, no further analysis is necessary. *See Brown ex Rel. Thomas v. Fletcher*, 624 F.Supp.2d 593, 606 (E.D. Ky. 2008).

The Sixth Circuit has determined four separate tests to determine if a private actor can be considered a state actor: the public function test, the state-compulsion test, the symbiotic relationship or nexus test, and the entwinement test. *Marie v. Am. Red Cross*, 771 F.3d 344, 362 (6th Cir. 2014). Accordingly, the Court analyzes the actions of Jewish Hospital under each of these tests in turn.

First, under the public function test, Jewish Hospital cannot be considered a state actor. To be a state actor under this test, a private entity must exercise powers traditionally reserved exclusively to the state. *Marie*, 771 F.3d at 362. Examples of such powers include eminent domain or holding elections. *Id*. Jewish Hospital maintains, and Mr. White does not contest, that they had no ability to exercise such powers. [R. 36-1 at 11.] Nor does the Government have exclusive power to provide medical treatment or collect debts: both activities occur frequently among private parties. In this test, Mr. White bears the burden to prove that such actions are exclusively reserved to the state, and he has not done so. *Marie*, 771 F.3d at 362.

Nor is Jewish Hospital a state actor under the state-compulsion test. For state-compulsion to constitute a state action, the state must coerce or provide "significant encouragement" to the private actor, such that the action can be attributed to the state. *Wilcher v. City of Akron*, 498 F.3d 516, 519–20 (6th Cir. 2007). Mr. White does not claim such coercion or encouragement. Here, the state did not direct or require Jewish Hospital to collect the debt from Mr. White, it merely provided the statutory permission to do so. The mere existence of a statute that permits the collection of debt constitutes only approval from the state, and it does not rise to the level of coercion. *See Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992).

The symbiotic relationship test, otherwise known as the nexus test, also determines that Jewish Hospital is not a state actor. This test requires existence of "a sufficiently close nexus

6

between the state and the challenged action of the regulated entity to that the action of the latter may be fairly treated as that of the state itself." *Wilcher*, 498 F.3d at 520. Simply because Jewish Hospital is subject to state regulation does not establish a nexus between the actions of Jewish Hospital and the state. *Wolotsky*, 960 F.2d at 1335. Nor is it sufficient for an entity to receive state funding. *Marie*, 771 F.3d at 363. The nexus must be between the action itself and the state, which Mr. White has not alleged in this matter. *Id*.

Finally, Jewish Hospital is not a state actor under the entwinement test. This test requires the action to be "entwined with government policies" or for the government to be entwined with Jewish Hospital's management or control. *Marie*, 771 F.3d at 363–64. Mere cooperation is insufficient. *Id*. at 364. Mr. White does not allege any facts even suggesting, much less demonstrating, that Jewish Hospital's actions were "overborne by the pervasive entwinement of public institutions and public officials," as required by this test. *Id*. (cleaned up).

**D**

The only remaining claims in this action are requests for damages, costs, and fees for alleged violations of the Fourteenth Amendment. [R. 29.] In order to succeed on this claim, the Court must construe Mr. White's complaint as a request pursuant to 42 U.S.C. § 1983; the Fourteenth Amendment alone does not give him the relief for which he asks. *See Sanders v. Prentice-Hall Corp. Sys., Inc.*, No. 97-6138, 1999 WL 115517, at *1 (6th Cir. 1999); *Thomas v. Shipka*, 818 F.2d 49, 499 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989). However, even if the Court does construe Mr. White's complaint, under no legal standard has Mr. White shown that the actions of Jewish Hospital can be considered state actions for the purposes of 42 U.S.C. § 1983. Because the existence of state action is necessary to succeed, Mr. White does not have a viable § 1983 action. *West v. Atkins,* 487 U.S. 42, 48 (1988).

7

For this, there are no material issues of fact, and Jewish Hospital is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.

Dismissing Mr. White's claim for damages brings the Court back to its previous discussion of justiciability. [*See* R. 29.] Having now dismissed all other claims, Mr. White's only remaining request is for a declaration that KRS § 404.040 is unconstitutional. [R. 1; R. 18; R. 34.] Federal courts, under Article III of the United States Constitution, may not issue an opinion which does not resolve "actual controversies," such as when the issue is moot, the parties are not adverse, or when the court cannot grant relief. *Flight Options, LLC v. Int'l Brotherhood of Teamsters, Local 1108*, 873 F.3d 540, 546 (6th Cir. 2017). The doctrine of standing is derived from Article III and requires a plaintiff to demonstrate that he has suffered an "injury in fact," that that injury was caused by defendant's conduct, and that the injury is likely redressable by a favorable decision in court. *Nikolao v. Lyon*, 875 F.3d 310, 315–16 (6th Cir. 2017). Even assuming Mr. White has suffered such an injury, and that Jewish Hospital caused the injury, a favorable decision here would not give Mr. White any redress because Mr. White is not entitled to damages from any alleged infringement of his rights. A declaration that KRS § 404.040 is unconstitutional would no doubt award Mr. White a personal victory, however, such does not redress his financial injury. Thus, no case or controversy exists between Mr. White and the sole remaining defendant in this matter, Jewish Hospital. Because the other issues are dispositive in this matter, the Court exercises its duty to avoid unnecessary decisions of constitutional questions and refuses to determine to constitutionality of KRS § 404.040. *See Tower Realty v. City of East Detroit*, 196 F.2d 710, 724 (6th Cir. 1952).

## III

Jewish Hospital is not a state actor, nor can the actions of Jewish Hospital in this matter

be attributed to the state. Thus, even assuming the infringement of a constitutionally protected right, Mr. White cannot recover damages from Jewish Hospital. Further requests from Mr. White for declaratory relief are not justiciable at this juncture. For the foregoing reasons, and the Court being sufficiently advised, it is hereby **ORDERED** that Defendant Jewish Hospital Shelbyville's Motion for Summary Judgment [**R. 36**] is **GRANTED** and Plaintiff Daniel White's Motion for Declaratory Judgment [**R. 34**] is **DENIED AS MOOT**. Judgment in favor of Defendants shall be entered contemporaneously herewith.

    This the 19th day of October, 2018.

Gregory F. Van Tatenhove
United States District Judge